UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.       )<br>)<br>CARINA ELIZABETH TUCKER )<br>) | )<br>Case No. 1:20-cr-41<br><br>Richard A. Lanzillo<br>United States Magistrate Judge |

MEMORANDUM OPINION

The Government's request for detention of Defendant Carina Elizabeth Tucker came before the undersigned for hearing on September 17, 2020. At the conclusion of the hearing, the undersigned took the matter under advisement. The court now enters an Order of Detention Pending Trial of Defendant Tucker and provides the following as its findings of fact and statement of reasons for detention pursuant to 18 U.S.C. § 3142.

I.   DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 et seq., is structured to ensure that the interests of the defendant and the public are carefully considered before pretrial release or detention is ordered. The court is charged with holding a hearing to determine whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c) ] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. If the court determines no such condition or combination of conditions exist, however, the court may order that a defendant be detained without bail pending trial.

A. Rebuttable Presumption

In this case, a rebuttable presumption applies that no conditions or combination of conditions

1

will reasonably assure the appearance of defendant as required or the safety of the community. Section 3142(e)(3) provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)....

18 U.S.C. § 3142(e)(3)

There is probable cause to believe Ms. Tucker committed offenses that fall within the category of offenses listed in Section 3142(e)(3)(A) because a grand jury returned an indictment charging defendant with (1) conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, (2) maintaining property for manufacturing, distributing and using a controlled substance in violation of 21 U.S.C. § 856(a)(1), (3) distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and (4) possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). The minimum statutory term of imprisonment for these offenses is ten years. Thus, subject to rebuttal by defendant, it is "presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e).

A defendant may offer evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community if defendant is released pending trial. A defendant must produce only "some evidence" to rebut the presumption set forth in § 3142(e). See *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985). The quantum of evidence required to rebut the

2

presumption is not high; rather, the defendant need only come forward with credible evidence conflicting with the presumption. *Id.* at 383. When a defendant produces conflicting evidence, the presumption does not disappear. The rebutted presumption retains evidentiary weight. See *United States v. Carbone*, 793 F.2d 559, 560–61 (3d Cir.1986) (per curiam).

B. The § 3142(g) Factors

In producing evidence to rebut the presumption, the court looks to the four factors set forth in § 3142(g), which the court must consider in determining whether pretrial detention is warranted. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001) (to determine whether the presumption for risk of flight and danger to the community has been rebutted, the court should consider the factors set forth in § 3142(g)). *Id.* at 436. The four factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

C. Danger to the Community

Safety of the community is implicated not only by violence, but also by narcotics trafficking. In

3

cases involving drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs. *United States v. Perry*, 788 F.2d 100, 111 (3d Cir.1986). The indictment in this case places Ms. Tucker at the center of an extensive narcotics distribution enterprise. This enterprise resulted in the methamphetamine addiction of several individuals and involved their recruitment to the enterprise to feed their addiction. Although Ms. Tucker is not charged with any firearms violations, the indictment casts her as a central figure within a criminal enterprise that regularly involved guns and threats of violence.

1. Evidence Presented by Defendant to Rebut the Presumption of Danger to the Community

To rebut the § 3142(e)(3) presumption, Tucker's counsel proffered the absence of violent offenses in Ms. Tucker's criminal history, her relatively modest criminal history prior to recent drug-related charges, the fact that two of the state drug charges listed in her history are subsumed within the current federal indictment, the absence of any drug-related activities in recent months, and her mother's willingness to serve as a third-party custodian for her daughter. Ms. Tucker's counsel also detailed Tucker's extensive history of serious illnesses, including ovarian cancer in 2005, asthma, acute myelogenous leukemia for which Tucker has received extensive chemotherapy and other treatment, and sepsis brought on by physical weakness related to her leukemia treatments and for which Tucker was hospitalized as recently as August, 2020.

The court found the foregoing proffer sufficient to rebut the presumption in this case. This returned the burden to the Government to establish by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released. 18 U.S.C. 3142(f). As explained below, the court finds that the Government has met its burden.

2. Clear and Convincing Evidence Presented by the Government

a. Nature and Circumstances of the Offenses Charged

4

As detailed above, the indictment charges Tucker with very serious drug trafficking offenses. The offenses carry a statutory minimum term of imprisonment of ten years and significant monetary penalties, among other penalties. The indictment in this case supports the finding of probable cause with respect to these offenses, and the serious nature of the offenses alone weighs against a finding that Ms. Tucker should be released pending trial. Beyond the charges themselves, the nature of Ms. Tucker's alleged involvement in the drug trafficking operation is even more compelling in favor of detention. She can fairly be characterized as one of the principal ringleaders in the criminal enterprise charged in the indictment. While Ms. Tucker is not personally alleged to have possessed firearms in connection with the enterprise described in the indictment, she is alleged to be one of the individuals directing others who have engaged in such conduct. The evidence strongly supports that Ms. Tucker's role in the alleged criminal enterprise, including the procurement and transportation of the drugs, was primary and poses a far greater danger to the community than the conduct of many of the other co-defendants. The record also supports that Ms. Tucker engaged in criminal drug-related activities after she was charged with such offenses in Pennsylvania state court, which raises serious doubts regarding her compliance with any conditions the court might impose if it were to release her. As one of the alleged leaders of the drug enterprise charged in the indictment, Ms. Tucker also poses a risk of witness or co-defendant manipulation or intimidation. Further, the court finds that, at present, the risk to the community cannot be reasonably mitigated by the custodial arrangements offered by the defendant. While the court has no reason to doubt the sincerity of Ms. Tucker's mother, who offered to act as a third-party custodian, family members and other potential custodians can only do so much to control the activities of a person intent to engage in criminal conduct.

b. Weight of the Evidence

The court also finds that the weight of the evidence favors detention. The proffer of evidence by the Government supports the existence an extensive methamphetamine distribution operation, and

communications between Tucker and various co-defendants and other evidence place her squarely at the center of that operation.

### c. History and Characteristics of the Defendant

Ms. Tucker's criminal history is not extensive prior to June of 2019, when she was first charged with drug offenses in Pennsylvania state court. As previously noted, Ms. Tucker is alleged to have continued her drug trafficking activities even after the initial charges.

Ms. Tucker does not currently have gainful employment and has no meaningful history of employment. Her lack of employment is likely attributable to her illness and disability. Her lack of employment and limited economic resources has some relevance in that the absence of employment allows her time to engage in drug-related activities and creates an economic incentive to engage in such activities.

The court has also considered Ms. Tucker's serious illnesses and medical needs. The court recognizes that pretrial detention places Ms. Tucker's health at greater risk, particularly given the ongoing coronavirus pandemic. During the detention hearing, Ms. Tucker's counsel presented extensive literature explaining the seriousness of her leukemia and the burdens her treatment place upon her physically. Counsel also documented that multiple of Ms. Tucker's conditions make her "high risk" for serious complications should she contract COVID-19. Based upon the record as it currently stands, however, the court finds that the risks to Ms. Tucker's health are materially outweighed by the risks to the community if the court were to release Ms. Tucker. This assessment necessarily assumes that the Erie County Prison will diligently dispense prescribed medications and facilitate required treatments as determined by Ms. Tucker's healthcare providers and follow appropriate procedures to mitigate Ms. Tucker's potential exposure to the coronavirus. Should this not be the case, Ms. Tucker retains the right to request reconsideration of this Order based upon new evidence or changed circumstance. Ms. Tucker also has the right to appeal this Order to United States

District Judge Susan Paradise Baxter and/or seek relief pursuant to 18 U.S.C. 3142(i).

                d. Nature and Seriousness of the Danger to the Community if Released

The nature and seriousness of the danger to the community if defendant is released also weighs in favor of detention. The harm suffered by the community from drug trafficking is substantial, *Perry*, 788 F.2d at 111, and Ms. Tucker's alleged extensive involvement in drug trafficking activities raises this danger to a level that cannot be mitigated adequately by any condition or combination of release conditions.

## II. CONCLUSION

After considering the record as a whole, including consideration of the nature and circumstances of the serious drug offenses charged, the weight of evidence presented by the Government, the history and characteristics of defendant, the nature and seriousness of danger to the community posed by defendant's release, and the rebuttable presumption, which retains evidentiary weight, the court concludes that there is no condition or set of conditions which would reasonably assure that defendant would not engage in drug trafficking while on release pending trial or reasonably ensure the safety of the public. The Government has met its burden to show by clear and convincing evidence that defendant poses a risk of danger to the community, i.e., she is likely to engage in drug trafficking if released prior to trial. The court will, therefore, enter an order directing the pretrial detention of Ms. Tucker.

                                                                                   */s/ Richard A. Lanzillo*
                                                                                   RICHARD A. LANZILLO
                                                                                   United States Magistrate Judge

Dated: September 18, 2020